Richard W. Raynor (SBN 162289)
LAW OFFICE OF RICHARD W. RAYNOR
409 N. Pacific Coast Highway, Suite 280
Redondo Beach, California 90277
Tel.: (424)257-0284
Fax: (424)258-9462
e-mail: richard@richardraynor.com
Attorney for Defendant
Moises Villalobos

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America,<br><br>     Plaintiff,<br><br>     vs.<br><br>Jose Balmore Romero, et al,<br>(Moises Villalobos # 2)<br>(Joffri Molina # 14)<br><br>     Defendants. | Case No. 2:17-cr-00278-ODW<br><br>NOTICE OF MOTION AND MOTION TO DISMISS THE INDICTMENT AND/OR FOR RELEASE FROM CUSTODY  FOR VIOLATIONS OF THE SPEEDY TRIAL ACT, THE SIXTH AMENDMENT RIGHT TO A SPEEDY TRIAL, AND  THE FIFTH AMENDMENT RIGHT TO DUE PROCESS;  MEMORANDUM OF POINTS AND AUTHORITIES<br><br>Trial Date:    May 10, 2022<br>Hearing Date:  January 10, 2021<br>Hearing Time: 10:00 a.m.<br>Ctrm:        5D |

Defendants, Moises Villalobos, through his counsel Richard Raynor, and Joffri

Molina, through his counsel Carlos Iriarte, hereby move to dismiss the Indictment

against them and/or for release from custody based upon violations of the Speedy Trial

Act, violation of their Sixth Amendment rights to a Speedy Trial, and violation of the right to Due Process.

Dated: December 3, 2021          Respectfully Submitted,

/S/    Richard W. Raynor

RICHARD W. RAYNOR
Attorney for Defendant
MOISES VILLALOBOS

## **MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION:**

Moises Villalobos is charged in the Indictment in Count 1 with RICO conspiracy, in Count 7 with VICAR attempted murder, Count 16 with drug conspiracy, and Count 35 with Use of a Firearm in connection with a crime of violence (referencing Counts 1 and 7).   Joffri Molina is charged in Count 1 with RICO conspiracy, in Count 14 with VICAR murder, and Count 38 with Use of a Firearm in connection with a crime of violence.

Mr. Villalobos and Mr. Molina first appeared on the Indictment on May 17, 2017, and trial is now set for May 10, 2022, almost five years from their first appearance.  Mr. Villalobos expressed his objection to all but the first continuance of the trial date.   Mr. Molina expressed to his objection to all but the first two continuances of the trial date.

Mr. Villalobos and Mr. Molina file this motion which is similar to the motion to dismiss on speedy trial grounds filed by Mr. Villalobos one year ago.  Docket 1062. However, Mr. Villalobos and Mr. Molina now have an even stronger claim that their statutory and constitutional rights have been violated by the excessive delay of their trial.  The new circumstances, since the last motion, include:

1)   another year has passed, bringing the total time in pre-trial custody to approximately five years;

2)    involuntarily placement of Mr. Villalobos in a medical facility for nine

months under conditions that caused Mr. Villalobos' health to decline,

which conditions included the following:

a) guards were stationed in his room 24 hours a day, seven days

a week such that his sleep was disturbed,

b) not provided adequate space to move his wheelchair in his room,

nor enough time to move about other areas of the facility to

adequately exercise,

c) chaining his arm or wheelchair while in his room, at first both

day and night hours, later changed to daytime hours only;

3)    Jury trials have resumed in the Central District of California prior to the

granting of the last continuance;

4)    The Ninth Circuit, in reviewing the statutory and constitutional limitations

of a twenty-one month detention, in which much of the delay was caused

by COVID concerns, upheld the findings of excludable delay but

cautioned that the length of the detention "is approaching the limits of

what due process can tolerate."   *United States v. Torres*, 995 F.3d 695,

709 (9th Cir. 2021).

The current state of the facts and the law are such that the delay of the trial of

defendants Villalobos and Molina for nearly five years has exceeded the allowable

limits.  As a result, Mr. Villalobos and Mr. Molina request that the Court either dismiss

the indictment and/or release defendants Villalobos and Molina until the conclusion of the trial.

Summary of Argument

Mr. Villalobos and Mr. Molina contend that more than 70 days of the time that has passed since their arrest and initial appearance is not excludable, and therefore the Speedy Trial Act clock has run, requiring dismissal, pursuant to 18 U.S.C. § 3161(c) and 18 U.S.C. § 3162(a)(2). Even though two of the five defendants in the subject trial grouping stipulated to continue the trial to May 10, 2022, that extension of the trial date resulted in an unreasonable delay of the trial of their co-defendants, Mr. Villalobos and Mr. Molina.

Mr. Villalobos and Mr. Molina also contend that more than 90 days of the time that passed since their arrest and initial appearance is not excludable, and because they have remained in custody since that their initial detention solely because they are awaiting trial, and the Speedy Trial Act clock has run, they must be released from custody, pursuant to 18 U.S.C. § 3164.

Because of the blanket and open ended suspension of jury trials and the five year delay in trial, Mr. Villalobos and Mr. Molina were deprived of the right to a speedy trial under the Sixth Amendment.

Finally, because of the length of the delay (five years) and other circumstances in this case, the pretrial detention of Mr. Villalobos and Mr. Molina violates Due Process and requires their release.

Procedural History

At the beginning of 2020, Mr. Villalobos filed a motion to dismiss for violation of his Speedy Trial rights.  Docket No. 887.  The Court denied the motion.  However, the Court committed to pushing this matter forward toward trial without further delay.  The minute order states:

> "The Court also heard from counsel, the concerns re the trial date and the several continuances previously granted.  To avoid further continuances, any new requests for substitution of counsel are STRONGLY discouraged. The trial date of June 23, 2020 is firm."

Docket No. 908.

Since the court ruled on Mr. Villalobos' last Speedy Trial Motion, the world has been hit with the COVID-19 pandemic, and jury trials were suspended in this district.

The COVID-19 pandemic and the resulting General Orders are the apparent reasons why this Court did not press the parties to move forward with trial on June 23, 2020 as a firm trial date as it had indicated in January 2020.  Instead this Court made findings of excludable delay until March 21, 2021.

Then, by General Order of the Chief Judge of this District, it was ordered that normal court operations were to resume on June 15, 2021.   GENERAL ORDER NO. 21-08.

The total time from Mr. Villalobos' initial appearance on May 17, 2017 to the date set for trial, May 10, 2022, is almost five years (1819 days).  The total time from the initial appearance to the filing of this Speedy Trial Act motion is three and a half years (1661 days).

Timeline

| | |
|---|---|
| 5/17/2017 | Mr. Villalobos is arrested and appears on Indictment (70 day speedy trial act clock starts – 18 U.S.C. § 3161(c)(1)) |
| 6/21/2017 - 7/6/2017 | Excluded time while bond review motion filed, Doc. 326, until ruling denying motion, Doc. 354.  18 U.S.C. § 3161(h)(1)(d).  15 days excluded. |
| 7/22/2017 - 5/22/2018 (continuance 1) | Doc. 327 - stipulation for 10 month continuance. Doc. 329 -Court finds excludable delay for 315 day period (49 days have run as of the start of this exclusion period) |
| 3/16/2018 - 3/28/2018 | Excluded time while bond review motion filed, Doc. 532, until ruling denying motion, Doc. 539.  18 U.S.C. § 3161(h)(1)(d). 12 days excluded. |
| 5/22/2018 - 3/26/2019 (continuance 2) | Doc. 494 - stipulation for 10 month continuance – Villalobos objects. Doc. 496 -Court finds excludable delay for 308 day period |
| 6/28/2018 – 7/10/2018 | Excluded time while bond review motion filed, Doc. 604, until ruling denying motion, Doc. 615.  18 U.S.C. § 3161(h)(1)(d). 12 days excluded. |
| 3/26/2019 - 9/24/2019 (continuance 3) | Doc. 716 - stipulation for 6 month continuance – Villalobos objects. Doc. 718 - Court finds excludable delay for 182 day period |
| 3/29/2019 - 5/20/19 | Excluded time from time of filing of motions, Doc. 742-747, until ruling on motions, Doc. 795.  18 U.S.C. § 3161(h)(1)(d). 52 days excluded. |

| | |
|---|---|
| 9/24/2019- 6/23/2020 (continuance 4) | Doc. 822 - stipulation for 10 month continuance – Villalobos objects. Doc. 824 - Court finds excludable delay for <u>273 day</u> period. |
| 8/21/2019 – 9/16/2019 | Excluded time from the filing of a **motion to sever**, Doc. 844, to the denial of the motion to sever, Doc. 860. <u>26 days excluded</u>. |
| 6/23/2020 – 3/16/2021 (continuance 5) | Doc. 933 – stipulation for 9 month continuance – 3 of the 5 defendants in trial grouping 2 (Mr. Villalobos, and co-defendants Joffri Molina, and Jordin Duarte) objected to the continuance. Doc. 935 – Court finds excludable delay for <u>266 day</u> period. |
| 3/16/2021 – 11/2/2021 (continuance 6) | Doc. 1093 – stipulation for 7 and a half month continuance – 3 of the 5 defendants in trial grouping 2 (Mr. Villalobos, and co-defendants Joffri Molina, and Jordin Duarte) objected to the continuance. |
| 4/19/2021 | Phased reopening of the Central District of California Courts announced with jury trials to recommence in the Western Division on June 7, 2021. |
| 6/11/2021 | Central District of California General Order 21-08 signed by chief judge, with the approval of the Court's executive committee, ordering that "[a]ll of the divisions of the Central District of California will resume normal operations on June 15, 2021." |
| 11/2/2021 – 5/10/2022 (continuance 7) | Doc. 1199 – stipulation for 6 month continuance – 3 of the 5 defendants in trial grouping 2 (Mr. Villalobos, and co-defendants Joffri Molina, and Jordin Duarte) objected to the continuance. |

<u>The Speedy Trial Act Clock as of the Initial Trial Date - Calculations</u>

The Speedy Trial clock started upon the initial appearance of Mr. Villalobos on

May 17, 2017.  Trial was set on July 22, 2017.  Sixty-four (64) days would have run

prior to the first trial date, but 15 days were excluded during the period while Mr. Villalobos had a bond rehearing motion pending.  Therefore, <u>49 days</u> had run prior to the trial date of July 22, 2017.

<u>Recent Trial Continuances</u>

Continuance 6.

Mr. Villalobos and Mr. Molina and one other co-defendant in his trial grouping (group 2) objected to that proposed approximate nine month continuance.  About half of that continuance extended beyond the time when jury trials re-commenced in this district.  The two defense counsel in this group who requested a continuance requested that time to prepare for trial.  However, almost four years was plenty of time to prepare for trial.  Any preparation needed beyond that period should not delay trial for co-defendants who have been ready for trial for years.  Such delay to the trial of co-defendants Villalobos and Molina was unreasonable and should therefore not be excluded.

Continuance 7.

Mr. Villalobos and Mr. Molina, and one other defendant in his trial grouping (group 2) objected to that proposed approximate seven month continuance.  Two defendants in this trial grouping requested additional time.  Trials had already commenced in the Western Division of the Central District of California during the entire period of this continuance.  This delay will bring the total time in pre-trial custody to five years.

<u>Summary of Defense Speedy Trial Act Clock Calculation</u>

Forty-nine (49) days had elapsed as of the first continuance and finding of excludable delay.  Therefore, if more than twenty-one (21) days of elapsed time is beyond what is a reasonable delay for the trial of Mr. Villalobos, then the Speedy Trial Act has been violated.

The Court has already found that the first five continuances did not result in a Speedy Trial Act violation.

However, the circumstances now present do not justify the length of excludable delay found by the Court.  Given that jury trials have been feasible for some time, and have actually re-commenced in this district for some months, the granting of the continuances to give additional time for trial preparation is not a reasonable grounds for cause a five year delay of trial for co-defendants who want a speedy trial.

ARGUMENT:

I.     THE GOVERNMENT BEARS THE BURDEN OF PROVING THAT LESS THAN SEVENTY (70) DAYS HAVE RUN ON THE SPEEDY TRIAL CLOCK

"Once the defendant establishes a prima facie case that the government violated the Act (a simple matter of producing a calendar and showing that more than seventy days have passed since the indictment (or first appearance) and trial has yet to begin), the government has the burden of proving excludable time by a preponderance of the evidence." *United States v. Jenkins*, 92 F.3d 430 (6th Cir., 1996).  As discussed below,

the government cannot do so here, so dismissal of the indictment against Mr. Villalobos and Mr. Molina is required.

II.   NO CONTINUANCE IS PERMITTED UNDER THE SPEEDY TRIAL ACT UNDER THE "ENDS OF JUSTICE" EXCLUSION UNLESS JUSTIFIED BY SPECIFIC FINDINGS BY THE COURT

The seven Speedy Trial Act stipulations filed by the government in this case set forth proposed reasons for "ends of justice" exclusions under the Speedy Trial Act. 18 U.S.C. § 3161. The Court incorporated by reference the reasons given in the stipulations as the basis for its findings that each of the four requested trial continuances were in the interests of justice. The Speedy Trial Act provides an exclusion of time for a trial continuance "if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). However, the Speedy Trial Act also provides that "[n]o such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id*. Such an "ends of justice" exclusion was "intended by Congress to be 'rarely used,' and that the provision is 'not a general

exclusion for every delay.'"  *United States v. Jordan*, 915 F.2d 563, 565 (9th Cir.1990) (internal citations omitted).

"[A] district court may grant an "ends of justice" continuance only if it satisfies two requirements: (1) the continuance is specifically limited in time; and (2) it is justified [on the record] with reference to the facts as of the time the delay is ordered." *United States v. Clymer*, 25 F.3d 824, 828 (9th Cir. 1994) at (internal quotations and citations omitted).  In *United States v. Clymer*, the Ninth Circuit said that the "'ends of justice' exclusion…is not to be routinely applied, and that it may not be invoked in such a way as to circumvent the time limitations set forth in the Act." *Id* at 829.

The sixth continuance states that it incorporates the stipulation into its findings, mentioning COVID-19, the need for more time for defense preparation, and the advantages of a joint trial by excluding time for those defendants not joining the stipulation.  However, the interests in a joint trial is only one factor, which factor must give way if it were to result in an unreasonable delay of a co-defendant's trial, as claimed by Mr. Villalobos and Mr. Molina.  *See  United States v. Messer*, 197 F.3d 330 (9th Cir. 1999) (delay of trial unreasonable despite interest in joint trial with co-defendant).

The last continuance, number seven, recites in the stipulation that the need for the continuance of the trial includes the backlog of cases from the temporary suspension of jury trials, and the need for more time for trial preparation.  The parties signing the stipulation agreed that the delay caused the objecting co-defendants was

reasonable.  Mr. Villalobos and Mr. Molina disagree.  Waiting five years for trial, in custody, for co-defendants to prepare for trial, is unreasonable.

III.   ALTHOUGH SHORT BLANKET TRIAL CONTINUANCES MAY BE ORDERED TO ACCOMMODATE THE IMMEDIATE AFTERMATH OF AN EMERGENCY, THE SPEEDY TRIAL ACT DOES NOT ALLOW FOR THE OPEN ENDED SUSPENSION OF A JURY TRIAL, DESPITE A GENERAL ORDER THAT PURPORTED TO SUSPEND THE RIGHT TO A JURY  TRIAL FOR AN UNSPECIFIED PERIOD

The fifth and sixth continuances, citing grounds of delay caused by the COVID pandemic, were excessive.

This district's general order purported to suspend the right to a speedy trial, stating:

"Until further notice, no jury trials will be conducted in criminal cases."

General Order 20-09, C.D. Cal., August 6, 2020, ¶6.

The general order purported to prohibit the resumption of jury trials in this district without any indication of when the trials would recommence.  The issue presented is whether a pandemic justifies this nine month continuance, and justifies a general order that purports to suspend jury trials until some yet to be determined date.

In *Furlow v. United States*, 644 F.2d 764 (9th Cir. 1981) the Ninth Circuit addressed a continuance of a criminal trial for about two weeks based upon a finding of excludable delay caused by the eruption of the Mt. St. Helens volcano which interfered with court operations from this "incident/accident of worldwide significance and paralyzing impact on surrounding geographies, including the location of the court

where the appellant was scheduled for trial."  The Ninth Circuit pointed out that there is no reference to delays caused by nature in the Speedy Trial Act.  *Id*.  In denying relief to the defendant, the Ninth Circuit reasoned that limited time of the continuance was short (about two weeks), was not open-ended, and that the defendant was out of custody during that delay.  *Id*.

Here, the total time in which COVID is listed as one of the reasons for delay exceeds one year.  These factors all suggest that delay here was too much time for an "interests of justice" exclusion.

In *United States v. Correa*, 182 F. Supp. 2d 326 (S.D.N.Y. 2001), the district court applied *Furlow* in the aftermath of the September 11 terrorist attack. Immediately after the attack, the court and other essential government buildings were closed to non-emergency personnel.   *Id*. at 327. When the court reopened on September 18, 2001, telephone service and internet access remained offline, law enforcement agents assigned to the defendant's case had been redeployed to emergency service work, and security staffing concerns made it "virtually impossible, and clearly imprudent, to transport prisoners to Court." *Id*.  Under these extraordinary circumstances, the district court concluded that the ends of justice warranted a delay of 14 days. *Id*. at 329.

Here, the continuances exceeded a year.  State courts within the Central District of California had earlier shown that jury trials could have been safely resumed, by

taking appropriate precautions.  Therefore, the continuance here extended beyond what was required to accommodate concerns about the pandemic.

Under the circumstances here, the delay is unreasonable.  Mr. Villalobos is wheelchair bound, and has a difficult time having his medical issues resolved while in custody.  Although Mr. Villalobos and Mr. Molina are presumed to be innocent, they will have to wait close to five years or more to address the merits of the government's case.

Mr. Villalobos and Mr. Molina have demanded a speedy trial and objected to the last four continuances. Mr. Villalobos has asked for a severance, which has been denied. Docket No. 860.  Mr. Villalobos has asked for release on bond, which has been denied.  Mr. Villalobos and Mr. Molina want to address the merits of the government's accusations against them, but are unable to do so because the trial keeps getting delayed.

These latest continuances, when viewed in light of the prior continuances, and the reasons given, is excessive, and not supported by sufficient findings of excludable delay.  As a result, there has been a violation of the Speedy Trial Act.

IV.  **THE RULE THAT A FINDING OF EXCLUDABLE DELAY AS TO ONE DEFENDANT APPLIES TO ALL CO-DEFENDANTS HAS AN IMPORTANT LIMITATION: THERE MUST NOT BE AN *UNREASONABLE* DELAY AS TO CO-DEFENDANTS SEEKING A SPEEDY TRIAL**

The Speedy Trial Act stipulations presented for this Court's signature in this case have all referenced *United States v. Butz*, 982 F.2d 1378, 1381 (9th Cir. 1993) for

the proposition that "an exclusion to one defendant applies to all co-defendants." "The "attribution of delay to a codefendant, however, is limited by a reasonableness requirement." *United States v. Messer*, 197 F.3d 330, 336 (9th Cir. 1999).  Even if a finding of excludable delay is justified as some defendants, the resulting delay to co-defendants, like Mr. Villalobos and Mr. Molina, must also be reasonable.  *Id*.  As to the last two continuances, in the Group 2 trial of five defendants, two stipulated to a continuance, and three (including Mr. Villalobos and Mr. Molina) objected to the continuance.

The generic reasons for delay for the last six continuances simply do not supply sufficient justification for delay of the trials.  Meanwhile, Mr. Villalobos and Mr. Molina, who are in custody, will not have an opportunity to address the merits of the case against them at trial for more close to five years, or possibly more.

V.   THE COURT MUST DISMISS THE INDICTMENT BASED UPON VIOLATION OF THE SPEEDY TRIAL ACT; ANY DISMISSAL OTHER THAN WITH PREJUDICE WOULD OFFEND THE PURPOSES OF THE SPEEDY TRIAL ACT UNDER THE FACTS AND CIRCUMSTANCES OF THIS CASE

The Speedy Trial Act provides that failure to bring the defendant to trial within the proscribed time period requires that the "indictment shall be dismissed on motion of the defendant."  18 U.S.C. § 3162(a)(2).

"In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the

offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." *Id.*

Here, it appears that the government has not sought to prepare the government's case for trial in a timely manner. The government gains a tactical advantage as in-custody defendants become impatient because of the delays in trial, and may then seek to cooperate against Mr. Villalobos and Mr. Molina and others. Furthermore, the government has delayed in producing all discovery, despite this Court's direction on September 16, 2019 to government counsel to provide any outstanding discovery to the defense as "expeditiously as possible". Yet the government continued to roll out discovery at a snail's pace. *See* Motion to Compel, Document 1172. Therefore, the delays here have created a risk of prejudice to Mr. Villalobos and Mr. Molina.

VI. RELEASE OF MR. VILLALOBOS AND MR. MOLINA IS REQUIRED IF THE COURT FINDS THAT HE HAS BEEN HELD FOR 90 DAYS FOR WHICH THERE IS NO EXCLUDABLE DELAY

If the Court finds that the government has failed to establish excludable delay for 90 days during the period from his first appearance on May 17, 2017 until May 10, 2022, then this Court is required to release Mr. Villalobos and Mr. Molina. 18 U.S.C. § 3164(c); *United States v. Tirasso*, 532 F.2d 1298 (9th Cir. 1976)(Agreeing with defense contention that "the statute unconditionally mandates release from custody in all cases where the defendants have not been brought to trial within ninety days of

arrest.")   The needs of the co-defendants for more time for preparation is simply not a reasonable justification to delay the trial of Mr. Villalobos and Mr. Molina for years beyond the dates when their respective counsel have indicated readiness for trial. Therefore, if the Court does not dismiss the charges, the Court must release Mr. Villalobos and Mr. Molina pending trial.

VII.   THE SUSPENSION OF ALL JURY TRIALS AND THE RESULTING DELAYS IN THE TRIAL HERE DENY MR. VILLALOBOS AND MR. MOLINA OF THEIR SIXTH AMENDMENT RIGHT TO A SPEEDY TRIAL

The indictment should also be dismissed for the independent violation of the constitutional right to a speedy trial.  This determination requires consideration of the factors set forth in *Barker v. Wingo*—"[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant"—each of which warrant dismissal.  *Barker*, 407 U.S. at 530.

First, a delay of over three and half years is "presumptively prejudicial." *Id.* at 530-31; *see Doggett v. United States*, 505 U.S. 647, 652 n.1 (1992) ("[T]he lower courts have generally found post accusation delay 'presumptively prejudicial' at least as it approaches one year").  Second, as to continuances five and six, the delay is due to the Court and government's refusal to implement protocols for jury trials.  This fact should be considered because the ultimately responsibility for such circumstances must rest with the government rather than the defendant.  Third, Mr. Villalobos has objected to all but the first continuance of his trial date, and Mr. Molina to all but the first and

second continuance.   Finally, Mr. Villalobos has suffered immensely in pre-trial incarceration during a pandemic, as someone with a disability (paralysis of his legs and uses catheter to urinate), and has been shuffled around from MDC, to West Valley Detention Center, and most recently to a local hospital for nine months, where he was chained up, his sleep was disturbed by the presence of four officers in his holding area 24 hours a day, seven days a week.   Currently, Mr. Villalobos was returned to MDC, where he is not receiving the supplies necessary to safely catheterize without the risk of a urinary tract infections.

In *Furlow v. United States*, 644 F.2d 764 (9th Cir. 1981), the Ninth Circuit also discussed a claim that the Sixth Amendment was violated by the two week delay that followed the Mt. St. Helens volcano eruption.   In evaluating the claim of a violation, the Court evaluated 1) the cause of the delay, 2) the length of the delay, 3) the judgment of the trial court as expressed in its order, 4) the defendant's assertion of his rights, and 5) the prejudice that resulted.   *Id* at 769.   The Court found that "[t]he relatively brief delays do not rise to the level of presumptive prejudice."

After this court indicated a firm trial date, stipulations were filed relying in part on the pandemic for further delays.   Part of this delay is due to the failure of the District Court for the Central District of California to accommodate jury trials. Further aggravating the uncertainty that Mr. Villalobos and Mr. Molina faced was a general order that cancelled all criminal jury trials until further notice.   If local state courts were unable to safely conduct jury trials, the case for significant delay might be

more compelling.  If grand juries were not continuing to indict more defendants, the justification for the delay might be more compelling.  But state court trials were going on, and federal grand juries are handing down indictments…in this district…in this division.

Then, even when trials resumed, an additional continuance was granted, bringing pretrial incarceration to approximately five years.  This case is clearly in the territory of a presumption of prejudice.

On those facts, the continuances to May 10, 2022 violate the Sixth Amendment right to a speedy trial of Mr. Villalobos and Mr. Molina.

VIII.  DESPITE SOME ALLOWANCE FOR ADDITIONAL TIME FOR COVID PANDEMIC DELAYS, THE FIVE YEARS OF PRETRIAL DETENTION ENDURED BY MR. VILLALOBOS AND MR. MOLINA IN  THIS CASE TO DATE HAS BECOME PUNATIVE IN NATURE SUCH   THAT   DUE PROCESS HAS BEEN VIOLATED, AND RELEASE OR DISMISSAL IS REQUIRED

In denying a facial due process challenge to the constitutionality of the provisions Bail Reform Act of 1984 allowing for pre-trial detention, the Supreme Court relied in part on the time limits of the Speedy Trial Act, reasoning that "the maximum length of pretrial detention is limited by the stringent time limitations of the Speedy Trial Act." *United States v. Salerno*, 481 U.S. 739, 747 (1987).  In a footnote, the Court stated "We intimate no view as to the point at which detention in a particular case might become excessively prolonged, and therefore punitive, in relation to

Congress' regulatory goal." *Id*. at 769, n. 4.  *See also*, *United States v. Gelfuso*, 838 F.2d 358, 359–60 (9th Cir. 1988) (Adopting a case-by-case analysis and declining to express a "view as to the point at which detention in a particular case might become excessively prolonged and violate due process.")

The Ninth Circuit recently decided a case analyzing various challenges to the length of pre-trial detention where the delay was caused, at least in part, by COVID pandemic concerns.  *United States v. Torres*, 995 F.3d 695 (9th Cir. 2021).  In *Torres*, the Ninth Circuit reasoned that "[o]n balance, we conclude that Torres's twenty-one-month detention does not yet violate due process, but we caution that the length of Torres's detention is approaching the limits of what due process can tolerate."

The Court concluded:

> "Because of the troubling length of Torres's pretrial detention, due process demands that the district court begin Torres's trial or reconsider bail subject to appropriate conditions very soon."

*Id*. at 710.

Here, the sixty months pre-trial detention of Mr. Villalobos is punitive.  He has no prior felony convictions.  He is being detained in difficult circumstances.  He has indicated readiness for trial years ago.  As to Mr. Molina, the government's claim of his dangerousness primarily due to his alleged role as a shooter in a September 27, 2015 homicide, despite overwhelming evidence that the government's theory is unreliable.  Mr. Molina and his counsel want to proceed to trial.  Therefore, the due

process rights of Mr. Molina have likewise been violated by the proposed five year pre-trial detention.

CONCLUSION:

Based upon the foregoing, defendants, Moises Villalobos and Joffri Molina, respectfully requests that this Court dismiss the indictment with prejudice for violation of the Speedy Trial Act and the Sixth Amendment right to a speedy trial, and/or order their release forthwith on those grounds or on the grounds of violation of due process.

Dated: December 3, 2021                    Respectfully Submitted,

                                  /S/    Richard W. Raynor
                                  RICHARD W. RAYNOR
                                  Attorney for Defendant
                                  MOISES VILLALOBOS